UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | Case No. 2:12-cv-13312 |
| ) | Hon. Denise Page Hood |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| JOHN DOES 1-30, ) | |
| ) | |
| Defendants. ) | |
| ) | |

---

| | |
|---|---|
| PAUL J. NICOLLETTI  (P-44419) | JOHN T. HERMANN  (P-52858) |
| Attorney for Plaintiff | Attorney for John Doe Defendant 24 |
| 36880 Woodward Ave, Suite 100 | 2684 West Eleven Mile Road |
| Bloomfield Hills, MI 48304 | Berkley, MI 48072 |
| (248) 203-7801 | (248) 591-9291 |

---

## JOHN DOE 24'S MOTION TO SEVER DOE DEFENDANTS 2-30 AND TO QUASH SUBPOENA AND/OR DISMISS

Defendant, JOHN DOE 24, moves this court to sever Doe defendants 2-42 in this matter, and to quash the subpoena served upon JOHN DOE's Internet Service Provider ("ISP") and further moves for a dismissal of the action filed against JOHN DOEs 2-30, and, in the alternative, for a protective order, for the reasons stated in the accompanying Brief In Support pursuant to Fed. R. Civ. P. 20(a)(2) and 21. In accordance with LR 7.1 and with the order of this court, counsel for Defendant asserts that he contacted Plaintiff's counsel regarding the issue raised in this motion, but did not obtain concurrence in the relief sought.

Dated:  December 1, 2012

s/ John T. Hermann
JOHN T. HERMANN (P52858)
Attorney for Defendant John Doe 24
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-9291

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MALIBU MEDIA, LLC,                                )    Case No. 2:12-cv-13312
                                                              )    Hon. Denise Page Hood
          Plaintiff,                             )
    vs.                                                    )
                                                              )
JOHN DOES 1-30,                              )
                                                              )
          Defendants.                        )
                                                              )

---

PAUL J. NICOLLETTI  (P-44419)          JOHN T. HERMANN  (P-52858)
Attorney for Plaintiff                            Attorney for John Doe Defendant 24
36880 Woodward Ave, Suite 100        2684 West Eleven Mile Road
Bloomfield Hills, MI 48304                  Berkley, MI 48072
(248) 203-7801                                    (248) 591-9291

---

**BRIEF IN SUPPORT OF JOHN DOE 24'S MOTION TO SEVER DOES 2-30, TO QUASH SUBPOENA AND/OR DISMISS AND, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**


Dated:  December 1, 2012                     s/ John T. Hermann
                                                              JOHN T. HERMANN (P52858)
                                                              Attorney for Defendant John Doe 24
                                                              2684 West Eleven Mile Road
                                                              Berkley, MI 48072
                                                              (248) 591-9291

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES.....................................................................................iii, iv

STATEMENT OF ISSUES PRESENTED.................................................................. v

STATEMENT OF CONTROLLING AUTHORITY .................................................. vi

I.      FACTUAL BACKGROUND ......................................................................... 1

II.     STANDARD OF REVIEW ........................................................................... 11

III.    LAW AND ARGUMENT ............................................................................. 12

        A.    Plaintiff Has Improperly Joined 30 Individual Defendants Based
              On Entirely Separate And Independent Acts ............................................ 13

        B.    Alternatively The Court Should Enter A Protective Order Allowing
              Doe 24 To Proceed Anonymously .......................................................... 19

V.      CONCLUSION ............................................................................................ 20

## <u>INDEX OF AUTHORITIES</u>

*Artista Records, LLC v. Does 1-11*, No. U.S. Dist. LEXIS 90183, (N.D. Ohio Nov. 3, 2008) ... 10

*Atlantic Recording Corporation, et al. v. Does 1-151,* No. A-04-CA-636 SS ................................. 14

*Axel Braun Production* v. *Does 1-7,098,* (N.D.W.V. Dec. 23,2010) .......................................... 15

*BMG Music v. Does 1-203,* 2004 WL 953888, (E.D. Pa. Apr. 2, 2004) .......................................... 13

*BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237(N.D. Cal. July 31, 2006) ................... 13, 14

*BMG Music v. Does 1-203*, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) ............................................ 8

*Boy Racer, Inc v. Does 1-52*, 5:11-cv-02329 .............................................................................. 8

*Boy Racer, Inc v. Does 1-71*, 5:11-cv-01958 .............................................................................. 8

*Boy Racer; Inc. v. Does 1-60*, 3:11cv-01738 .............................................................................. 9

*Boy Racer, Inc. v. Does 1-98*, U.S. Dist. LEXIS 11930, (N.D. Cal. Oct. 14, 2011) .............. 9, 18

*Combat Zone, Inc. v. Does* 1-245, (N.D.W.V. Dec. J6, 2010) .................................................... 15

*CP Productions, Inc. v. Does 1-300,* 1:2010-cv-06255 (Colo.)..................................................... 4, 7

*Diabolic Video Productions, Inc v. Does 1-2099*, 5:10c-v-05865 .................................................... 7

*Digital Sin*, 20912 WL 2036035 ........................................................................................ 5, 19

*Discount Video Center, Inc. v. Does 1-29*, 2012 WL 3308997, 8, (D. Mass. 2012) .................... 6

*Elektra Entertainment Group, Inc. et al. v. Does 1-11*, No. A-04-CA-703 LY ............................... 14

*First Time Videos v. Does 1-500*, 1:10-cv-06254 .......................................................................... 12

*Fonovisa, Inc. et al. v. Does 1-41,* A-04-CA-550 LY ..................................................................... 14

*Funimation Entertainment  v. Does 1-1337*, (N.D. TX. Feb. 10, 2011) ..................................... 15

*Group, Inc.* v. *Does* 1-435, 2011 U.S. Dist. LEXIS 14123, *9 (N.D. Cal. Feb. 3, 2011) ............. 4

*Hard Drive Prods., Inc*. 809 F. Supp. 2d  1150 (N.D. Cal 2011).................................................. 18

*Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782
(M.D. Fla. Apr. 1, 2004) ......................................................................... 7, 8, 9, 13, 14

*IO Group, Inc. v. Does 1-435*, 3:210-cv-04382 ........................................................................... 7

*In re BitTorrent Adult Film Copyright Litigation*, 2012 WL 1570765, ..................................... 1, 6

*In the Matter of DIRECT TV, INC.*. 2004 U.S. Dist. LEXIS 24263,
(N.D. Cal. Jul. 26, 2004) ............................................................................................. 15

*K-Beech v. Does 1-85*, 3:11-cv-469-JAG .................................................................................... 12

*K-Beech Inc., v. John Do*e, 1-11-cv-023-PAB ............................................................................... 3

*K-Beech Inc., v. John Doe*, 1-11-cv-02371-CMA  ........................................................................ 3

*K-Beech Inc., v. John Doe*, 1-11-cv-02372-MSK ........................................................................... 3

*K-Beech, Inc. v. John Does 1-41*, 2012 U.S. Dist. LEXIS ..................................................... 10, 18

*LaFace Records*, 2008 WL 544992 ......................................................................................... 13, 14

*Liberty Media Holdings, LLC v. Swarm Sharing Hash File and Does 1–38*, 821 F.Supp.2d 444,
(D. Mass. 2011) ................................................................................................................................. 6

*Lightspeed v. Does 1-1000*, No. 10-C-5604, 2011 U.S. Dist. LEXIS 35392,
(N.D. Ill. March 31, 2011) ........................................................................................................ 10, 15

*Malibu Media, LLC v. John Does 1–10*, (C.D. Cal. June 27, 2012) ............................................. 1

*MCGIP, LLC v. Does 1–149*, No. 2011 WL 4352110, (N.D. Cal. Sept. 16, 2011) ..................... 6

*Millennium TGA, Inc v. Does 1-21*, 3:11-cv-02258 ...................................................................... 5

*On the Cheap, LLC v. Does 1·501I*, Case No. ClOA472 (N.D. Cal.) ....................................... 4, 8

*New Sensations, Inc v. Does 1-1768*, 5:2010-cv-05864 ............................................................... 7

*Pacific Century International LTD v. Does*, 1-101 4:2011-cv-02533 ........................................... 7

*Patrick Collins v. John Does 1-58*, 3:11-cv-00531-JAG ...................................................... 2, 9, 18

*Patrick Collins, Inc. v. Does 1-281*, 3: l0-cv-00091 (N.D. W.V.) ............................................. 15

*Patrick Collins, Inc. v. John Does 1-12*, 12-cv-13310 (E.D. Mich) ........................................ 5, 8

*Patrick Collins v John Doe 1-23*, 11:-cv-15231 (E.D. Mich. 2012) .................................. 8, 9, 10

*Patrick Collins, Inc. v. Does 1-45*, Case No.: 12-cv-3507 ...................................................... 5, 19

*Patrick Collins, Inc. v. John Does 1-54*, 2012 U.S. Dist. LEXIS 36232,
(D. Ariz. March 19, 2012) ............................................................................................................... 9

*Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 .............................. 17

*Third Degree Films, v. Does 1-47* 1:12-cv-10761 (Dist. Mass. 2012) ....................................... 14

*Third Degree Films v. Does*, 1- 3,577, 2011 U.S. Dist. LEXIS 128030
(N.D. Cal. Nov. 4, 2011) ............................................................................................................... 11

*Third World Media, LLC v. Does* 1-1,243,(N.D.W.V. Dec. 16, 2010) ..................................... 15

*UMG Recordings, Inc., et al. v. Does 1-51*, No. A-04-CA-704 LY) ........................................ 14

*VPR Internationale vs. Does 1-1017*, 2:11-cv-02068 ................................................................ 4, 7

## COURT RULES

Fed R. Civ. P. 20 ............................................................................................................................ 12

Fed R. Civ. P. 20(a)(2) ................................................................................................................... 13

Fed R. Civ. P. 21 ............................................................................................................................ 20

Fed R. Civ. P. 26(f) ........................................................................................................................ 11

## STATEMENT OF ISSUES PRESENTED

I.     HAS PLAINTIFF IMPROPERLY JOINED 30 INDIVIDUAL DEFENDANTS
       BASED ON ENTIRELY SEPARATE AND INDEPENDENT ACTS?

       Plaintiff Answers:                    No.
       Defendant Answers:                    Yes.
       Court Should Answer:                  Yes.

III.   IN THE ALTERNATIVE, IF THE MOTION TO SEVER AND QUASH IS NOT
       GRANTED, GIVEN (1) THE HIGH RISK OF FALSE POSITIVES, (2)
       PLAINTIFF'S STRONG ARM SETTLEMENT PRACTICES, AND (3) THE
       NATURE OF THE COPYRIGHTED WORK IN THIS CASE, SHOULD THE
       COURT ISSUE A PROTECTIVE ORDER THAT PRECLUDES PLAINTIFF
       FROM AMENDING ITS COMPLAINT TO IDENTIFY  DOE 24 BY NAME
       UNLESS AND UNTIL DISCOVERY IS CONDUCTED BY THE PLAINTIFF
       THAT PROVIDES EVIDENCE SUPPORTING THE PLAINTIFF'S
       ALLEGATION THAT  DOE 24 INFRINGED UPON THE PLAINTIFF'S
       COPYRIGHT, AND TO BAR PLAINTIFF FROM USING ANY
       INFORMATION ULTIMATELY DISCLOSED TO PLAINTIFF IN RESPONSE
       TO A RULE 45 SUBPOENA FOR ANY PURPOSE OTHER THAN
       PROTECTING PLAINTIFF'S RIGHTS AS SET FORTH IN ITS COMPLAINT
       DOE 24?

       Plaintiff Answers:                    Yes.
       Defendant Answers:                    No.
       Court Should Answer:                  Yes.

## <u>STATEMENT OF CONTROLLING AUTHORITY</u>

In accordance with L.R. 7.1(c)(2), Defendants state that the following are the most controlling and/or most appropriate authorities relevant to deciding the issues raised in its motion are contained in the following provisions of  Fed. R. Civ. P. 20(a)(2) and 21. Also see Case No. 11-cv-15231, *Patrick Collins, Inc. v. John Does 1-23*, Hon. George Caram Steeh, Order Granting Motion To Quash In Part And Severing Doe Defendants 2-23, (United States District Court, Eastern District Of Michigan, Southern Division, 03/26/12 – See Exhibit 3 Attached hereto).

I.      FACTUAL BACKGROUND

This case is one of hundreds of similar actions filed throughout the country in which Plaintiff has attempted blanket the federal courts with hundreds if not thousands of "John Doe" lawsuits under a variety of legal theories for the alleged download and/or exchange of pornographic films allegedly disseminated over the internet. Plaintiff's make no distinction as to whether the targeted internet protocol address ("IP") associated with each Doe defendant is in fact the alleged infringer or whether the film was disseminated over an open internet access or Wi-Fi systems. Wi-Fi makes it possible for users to connect to the public internet using the wireless technology used in most laptops. If users are able to connect to a typical home or business Wi-Fi system, they connect to the court Wi-Fi. Wi-Fi internet access is available through both secure network systems and unsecure network system. Open Wi-Fi systems are utilized in a number of settings to promote open access to the internet and are widely available at community libraries, coffee shops, restaurants, entertainment venues, and other public places.

The purpose of this proposed notice is obvious – to cast a wide net and make significant threats, with the hopes of settling with as many people as possible to maximize profit. Plaintiff's plan is to improperly use the United States District Court as the enforcement tool to further its copyright business model, while saving significant federal court filing fees by joining tens or hundreds of Does. *See Malibu Media, LLC v. John Does 1–10*, Case No. 2:12–cv–3623–ODW (C.D. Cal. June 27, 2012) ("The federal courts are not cogs in plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial."); *In re BitTorrent Adult Film Copyright Litigation*, 2012 WL 1570765, *10 (E.D.N.Y. May 1, 2012) ("Our federal court system provides

litigants with some of the finest tools available to assist in resolving disputes; the courts should not, however, permit those tools to be used as a bludgeon.").

The underlying purpose of the Doe lawsuits being filed by Plaintiff's is to find a convenient and cost effective method to obtain the identity of a large group of individuals (through means of the John Doe suits and/or subpoenas) in order to threaten the IP accountholders (who frequently have no knowledge or association with the dissemination of the adult content over their internet system) with threat of litigation in retaliation for their failure to pay the demanded settlement sums regardless of whether the accountholder is, in fact, the actual infringer. This practice has given rise to the term "copyright trolling" [1] which has been recognized as a new trend whereby adult film companies file mass lawsuits against anonymous Doe defendants identified by a single IP address alleging that each of them have shared the content via a single BiTorrent swarm, thus infringing on the company's copyright thereby entitling them to statutory damages. The nature of this fear is validated by a recent declaration filed by a copyright infringement lawyer in Virginia, (*Declaration in Support of Motion for Reconsideration and Response to Show Cause Order, October 10, 2011, Patrick Collins v. John Does 1-58, 3:11-cv-00531-JAG).*

> Plaintiff was voluntarily dismissing movants who were seeking to sever Doe Defendants and suing each of them individually in hopes that by doing so, it would cause future Doe Defendants in similar litigations in this District and around the country to stop filing these motions.

> This fear is justified in this case, as Plaintiff's other attorneys have done just this

concerning three Doe Defendants in similar BitTorrent cases filed in United States District Court for the District of Colorado on September 8, 2011.

---

[1]A copyright troll is an owner of a valid copyright who brings and infringement action "not to be made whole, but rather as a primary or supplemental revenue stream." James DeBriyn, <u>Shedding Light on Copyright Tolls: An Analysis of Mass Copyright Litigation In the Age of Statutory Damages,</u> 19 UCLA Ent. L. Rev. 79, 86 (2012) attached hereto as Exhibit 1.

*K-Beech Inc., v. John Do*e, 1-11-cv-02370-PAB
*K-Beech Inc., v. John Doe*, 1-11-cv-02371-CMA
*K-Beech Inc., v. John Doe*, 1-11-cv-02372-MSK

The fear of retaliation is so great that JOHN DOE 21 has filed this Motion filed with the Court in order to avoid being identified by Plaintiff. By filing this Motion, John Doe intends to draw attention to Plaintiff's questionable action of how they pursue this copyright infringements case. Defendant Doe believes that if Defendant Does had filed this Motion under a true name, Defendant Doe would be singled out by Plaintiff for harassment to pay thousands of dollars to settle – regardless of Plaintiff's inability to determine who, if anyone, improperly utilized JOHN DOE's internet account.

In its complaint, Plaintiff asserts that JOHN DOE 24 is liable for copyright infringement by allowing her internet account to be utilized as part of peer-to-peer file "swarm" for the download and/or exchange of copyrighted material identified as a video file entitled "Morning Tryst"  (Plaintiff's Complaint ¶¶ 11, 32) In furtherance of its copyright infringement claim, Plaintiff allege that JOHN DOE 24 is liable for allowing his internet account to be used for the illegal download and/or exchange of some portion of Plaintiff's pornographic film. In addition, Plaintiff claims that thirty (30) John Doe Defendants, including JOHN DOE 24, infringed on its copyright for the pornographic work by downloading and uploading it or some portions of it via a peer-to-peer client, BitTorrent. On October 29, 2012, Plaintiff served thirty (30) subpoenas to various ISPs seeking to obtain the name of the accountholders associated with the IP address for a specified date and/or time associated with the alleged acts of infringement.  The dates of the alleged infringement listed by Plaintiff span a period of 35 days and are notably different for each of the 30 John Doe Defendants, indicating that none of the 30 John Doe Defendants likely transmitted or received portions of Plaintiff's pornographic film from each other.

Over the past several years, copyright owners across the nation, even those such as Plaintiff who often times have failed to obtain copyright registration for the very works of hardcore pornography that they claim ownership in, have taken  advantage of federal joinder rules in order to sue numerous John Doe defendants within a single complaint, thus avoiding the $350 court filing fees they would need to incur to pursue the separate and distinguishable acts of alleged infringement separately. By improper joinder of these Doe defendants, Plaintiff abuses the federal court system by avoiding $10,150.00 in Court Fees ($350 versus $350 x 30 = $10,500.00) for a "fishing expedition" for subscriber information that the pornographer then uses to extract settlements from the ISP account holders.  Moreover, all of this is with only superficial evidence, at best, of any actual infringement by the John Doe who is the ISP account holder. These complaints are for copyright infringement via the Internet, and the complaints generally allege the use of peer-to-peer programs such as BitTorrent to download and/or upload copyrighted works or portions of copyrighted works. Some of these cases attempt to join defendants by the dozens many extend to hundreds and even thousands of unnamed defendants. *See infra.* Some courts have opined that the rationale for the joinder of multiple defendants in these copyright cases is an attempt by plaintiffs to "identify hundreds of Doe defendants through pre-service discovery and facilitate mass settlement." *See, for example, On the Cheap, LLC* v. *Does 1·501I,* Case No. ClOA472, (Zimmerman, MJ.) (N.D. Cal. Sept 6, 2011) (quoting *10 Group, Inc.* v. *Does* 1-435, 2011 U.S. Dist. LEXIS 14123, *9 (N.D. Cal. Feb. 3, 2011)).

Doe Defendant notes that this is not Plaintiff's first mass-defendant copyright infringement lawsuit. For example, a similar copyright infringement suit regarding a different pornographic video was filed by Plaintiff in the Northern District of West Virginia against 281 John Doe defendants. In that case, all John Doe defendants except for John Doe 1 were severed

on the basis of misjoinder, and subpoenas for the identities of the severed defendants were quashed. *See Patrick Collins, Inc. v. Does 1-281,* Case No.3: l0-cv-00091, *3-4 (Bailey, 1) (N.D. W.V. Dec 16, 2010). It appears that after failing in West Virginia, Plaintiff now asserts similar claims before this Court. As another illustrative example of misjoinder and severance, a similar copyright infringement suit regarding a different pornographic video was filed by Plaintiff in the Southern District of New York against 45 John Doe defendants. In that case, all John Doe defendants except for John Doe 1 were severed on the basis of misjoinder, and subpoenas for the identities of the severed defendants were quashed. See *Patrick Collins, Inc. v. Does 1-45*, Case No.: 12-cv-3507, *1-2 (Jones, S.D. N.Y. Aug 23, 2012). ("the Court grants Defendant Doe No. 41's motion in its entirety and thus severs and dismisses without prejudice the case against Doe defendants 2 through 45 for improper joinder, and quashes the subpoenas seeking the identity of those defendants.")

Because many of the named Doe Defendants are mere subscribers and not infringers, the scheme of joinder may compel entirely innocent subscribers "to settle the lawsuit confidentially in order to avoid the embarrassment of being named as a defendant in a case about the alleged illegal trading of a pornographic film." *Id*., *citing Digital Sin* 176, 279 F.R.D. at 242 ("This risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading pornography." [citation and internal quotation marks omitted]); *MCGIP, LLC v. Does 1–149*, No. 11 Civ. 2331, 2011 WL 4352110, at *4 n. 5 (N.D. Cal. Sept. 16, 2011) ("[T]he subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle.").

Severance is appropriate because if the motion picture is considered obscene, it may not be eligible for copyright protection. *Next Phase Distribution, Inc*., supra, citing *Liberty Media Holdings, LLC v. Swarm Sharing Hash File and Does 1–38*, 821 F.Supp.2d 444, 447 n. 2 (D. Mass. 2011) (noting it is "unsettled in many circuits, whether pornography is in fact entitled to protection against copyright infringement"); *Discount Video Center, Inc. v. Does 1-29*, 2012 WL 3308997, 8, n. 4 (D. Mass. 2012) ("The Court notes, however, that there is some question as to whether pornography is entitled to copyright protection").

By pursuing this action en masse, Plaintiff is improperly avoiding payment of Court filing fees. As a Court in a virtually identical case explained:

> "In the four cases before this Court, plaintiffs have improperly avoided more than $25,000 in filing fees by employing its swarm joinder theory. Considering all the cases filed by just these three plaintiffs in this district, more than $100,000 in filing fees have been evaded. If the reported estimates that hundreds of thousands of such defendants have been sued nationwide, plaintiffs in similar actions may be evading millions of dollars in filing fees annually. Nationwide, these plaintiffs have availed themselves of the resources of the court system on a scale rarely seen. It seems improper that they should profit without paying statutorily required fees." *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 at *13.

To cut court costs while suing as many individuals as possible, Plaintiff is using improper joinder in this mass lawsuit alleging copyright infringement through BitTorrent, upon information and belief. Similar cases have also been dismissed, such as *CP Productions, Inc. v. Does 1-300 case 1:2010-cv-06255,* in which the Colorado District Court noted before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap –- if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Steele Hansmeier's [2] abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit. *CP Productions, Inc. v. Does 1-300 case 1:2010-cv-06255 (dismissed ALL John Doe defendants)*

In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23. *VPR Internationale vs. Does 1-1017 case 2:2011-cv-02068*

In the Northern District of California, these similar BitTorrent cases have been severed for improper joinder:

- *Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed does 2-101)*
- *IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*
- *Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865 (severed Does 2-2099)*
- *New Sensations, Inc v. Does 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

In another similar BitTorrent case, filed in the Northern District of California by Steele Hansmeier, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258,* Judge Samuel Conti found the same joinder problems, and wrote in his Order denying request for leave to take early discovery, "This Court does

---

[2] Steele Hansmeier is the regional law firm that is responsible for coordination the litigation efforts behind the *Patrick Collins* cases at issue.

not issue fishing licenses." These nearly identical BitTorrent cases in the Northern District of California, again represented by Steele Hansmeier, have been severed for improper joinder:

- *Boy Racer, Inc v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)*
- *Boy Racer, Inc v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)*

In a recent Order (September 6, 2011) by Judge Bernard Zimmerman, Northern District of California, 5010 John Does were dismissed from *On The Cheap, LLC, v. Does 1-5011, Case C10-4472 BZ*, due to improper joinder. Judge Zimmerman stated the following in his Order:

> "This Court does not condone copyright infringement and encourages settlement of genuine disputes. However, Plaintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify perverting the joinder rules to first create the management and logistical problems discussed above and then to offer to settle with Doe defendants so they can avoid digging themselves out of the morass plaintiff is creating."

In fact, even within this district, at least one court has issued an order to Show Cause as to why similar cases filed by the same Plaintiff's should not be severed. (Exhibit 2; *Patrick Collins, Inc. v. John Does 1-12*, United States District Court Case No. 12-cv-13310 Judge Arthur J. Tarnow Dated September 10, 2012).

In this district, Judge George Caram Steeh's adopted a similar approach concluding that joinder of the Doe defendants was not permitted under Rule 20 of the Federal Rules of Civil Procedure. (Exhibit 3; *Patrick Collins, Inc. v. John Does 1-23*, United States District Court Case No. 12-cv-15231 Judge George Caram Steeh Dated March 26, 2012).  As Judge Steeh's Order Granting Motion to Quash in Part and Severing Doe Defendants 2-23, noted at pages 4-5:

> "Defendant Doe argues that this court should quash the subpoenas served upon the Doe defendants because the plaintiff has improperly joined the putative defendants under Rule 20(a) of the Federal Rules of Civil Procedure. Defendant Doe maintains that joinder is improper because the allegations in the complaint, while involving a single Work, involve unrelated defendants who allegedly violated the copyright laws at different times and locations, sometimes using different services and perhaps subject to different defenses. Further, defendant claims that the nature of BitTorrent does not support plaintiff's claim that all John Doe IP addresses acted together for the entire relevant time period."

The court concluded at pages 6-9 of Judge Steeh's Order that simply alleging use of BitTorrent technology does not comport with the requirements of Rule 20(a) for permissive joinder:

> "…the court concludes that simply alleging the use of BitTorrent technology, like earlier P2P file sharing protocols, does not comport with the requirements under Rule 20(a) for permissive joinder. Here, the alleged activity involves 23 different defendants, 4 different ISPs, and nearly three months of activity (7/15/2011 through 10/11/2011). This is insufficient to establish that the Doe defendants were involved in the same transaction or series of transactions.
>
> ***
>
> [E]ven if the IP addresses at issue in this motion all came from a single swarm, there is no evidence to suggest that each of the addresses "acted in concert" with all of the others. In fact, the nearly six-week span covering the activity associated with each of the addresses calls into question whether there was ever common activity linking the 51 addresses in this case.
>
> 809 F. Supp. 2d at 1163; see also, *Patrick Collins, Inc. v. John Does 1-58*, No. 3:11cv-531- JAG, 2011 U.S. Dist. LEXIS 120235, *5-6 (E.D. Va. Oct. 5, 2011); *Boy Racer, Inc. v. Does 1-98*, No. C-11-02536-JCS, 2011 U.S. Dist. LEXIS 11930, *2 (N.D. Cal. Oct. 14, 2011).
>
> In addition, plaintiff's complaint is devoid of any information concerning the number of users in the swarm involved, which easily can reach numbers in the hundreds of thousands. The nature of the BitTorrent protocol enables its users to share files in a relatively quick time frame, ranging anywhere from fifteen minutes to a few hours. The absence of information concerning the number of total users in the swarm, coupled with the BitTorrent protocol's ability to quickly share files further demonstrates that it is implausible that any of the Doe defendants were simultaneously sharing pieces of plaintiff's Work. See *Hard Drive Prods., Inc*. 809 F. Supp. 2d at 1163 ("In this age of instant digital gratification, it is difficult to imagine, let alone believe, that an alleged infringer of the copyrighted work would patiently wait six weeks to collect the bits of the work necessary to watch the work as a whole.") Thus, the absence of any allegations that a particular user downloaded a piece of the Work from, or uploaded a piece of the Work to, another user in the swarm highlights the absence of any reason to conclude that the Doe defendants were engaged in the same transaction or series of transactions. See *Patrick Collins, Inc. v. John Does 1-54*, 2012 U.S. Dist. LEXIS 36232, *14 (D. Ariz. March 19, 2012) ("[A]bsent allegations that any particular user copied a piece of the file from or to any other particular user, one could not conclude that the users 'were engaged in the single transaction or series of closely-related transactions recognized under Rule 20.").

In short, the connection plausibly alleged among defendants named in this case is nothing more than alleged in the prior P2P file sharing cases.

Based on plaintiff's failure to sufficiently allege that the Doe defendants engaged in the same series of transactions with respect to their alleged infringing conduct, the court concludes that the Doe defendants have been improperly joined and severs Doe defendants 2-23 from this action under Rule 21. The court rejects plaintiff's argument that allowing severance of the Doe defendants will prevent copyright holders from being able to protect their ownership rights. The court's decision does not prevent plaintiff from bringing separate actions against each individual Doe defendant. See *Lightspeed v. Does 1-1000*, No. 10-C-5604, 2011 U.S. Dist. LEXIS 35392, * 6 (N.D. Ill. March 31, 2011) (rejecting the plaintiff's argument that joinder at this stage of the litigation serves the interests of judicial economy); see also, *K-Beech, Inc. v. John Does 1-41*, 2012 U.S. Dist. LEXIS, at *14-15 (rejecting plaintiff's argument that severing the Doe defendants would prevent plaintiff from being able to enforce its copyright.)

The court also rejected Plaintiff's argument that allowing the case to proceed with numerous joined defendants is more efficient than filing separate actions, and agreed with the reasoning in *Artista Records, LLC v. Does 1-11*, No. 1:07-cv-2828, 2008 U.S. Dist. LEXIS 90183, *12 (N.D. Ohio Nov. 3, 2008), noting that:

"Rule 21 provides that a court, on motion or on its own, may "at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. As the court finds the Doe defendants have been improperly joined, allowing plaintiff to proceed with its lawsuit until the Doe defendants have been identified will pervert the joinder rules. Artista Records, LLC, 2008 U.S. Dist. LEXIS, at *15. "Postponing a decision on joinder in lawsuits similar to this action results in lost revenue of perhaps millions of dollars and only encourages Plaintiffs and other members of the [Recording Association of America] to join (or misjoin) as many doe defendants as possible." Id. at *17 (*citing Sony BMG Music Entm't v. Does 1-5*, No. CV 07-2434-SJO (C.D. Cal. Aug. 29, 2007)).

"Further, it cannot be ignored that the nature of P2P file sharing infringement cases inevitably produces varying defenses that require severance. Many courts have recognized that the ISP may produce identifying information associated with the individual who opened the account for internet service, rather than the individual who uses the internet connection for illegal purposes. See *K-Beech, Inc. v. John Does 1-41*, 2012 U.S. Dist. LEXIS, at *12- 13. "For example, 'ISP subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiff's works.'" Id. at *13 (citing *Third Degree*

10

*Films v. Doe*s, 1- 3,577, No. C-11-02768-LB, 2011 U.S. Dist. LEXIS 128030, *4 (N.D. Cal. Nov. 4, 2011))."

Once Does 2-23 were severed, the Motion to Quash the subpoenas to the ISPs for the remaining Doe defendants applied because remaining Doe defendants are no longer in the action:

"… the court quashes the subpoenas served upon Doe defendants 2-23s' ISPs as those defendants are no longer in this action. The subpoena served upon Doe defendant 1's ISP remains in effect. Should plaintiff decide to file separate individual actions against Doe defendants 2-23, plaintiff may move for leave to file a third party subpoena prior to Rule 26(f) conference in those actions." (*Id.* at 12.)

Thereafter, on March 29, 2012, Plaintiff in that matter filed a notice of settlement and voluntary dismissal with prejudice of Doe defendant 1 only.  The Court should take a skeptical look at Plaintiff's blunderbuss approach in this action and grant dismissal and severance under the circumstances.  Based on the cases cited and reasons presented herein, the Court should use its discretion and enter an order severing and dismissing the action as to defendants Does 2-33.

## II.   STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, joinder of defendants is appropriate where two factors are met: 1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, Of series of transaction or occurrences" and 2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). If it is clear that misjoinder has occurred, then Fed. R. Civ. P. 21 permits a court, by a party's motion or *sua sponte* to drop parties or to sever claims. "On motion or on its own, the court may at any time, on just terms, add or drop a pally. The Court may also sever any claim against a party." Fed. R. Civ. P. 21.

III.    LAW AND ARGUMENT

The subpoena issued by Plaintiff to WOW should be quashed as to Doe Defendant because Doe Defendant was improperly joined to this litigation. Doe Defendant also moves the Court to dismiss it from this case due to misjoinder. Federal Rule of Civil Procedure 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.
> Fed. R. Civ. P. 20.

Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

1.    the right to relief must be asserted against them jointly, severally or in the alternative;

2    the claim must arise out of the same transaction, occurrence, or series of transactions or occurrences and;

3.    there must be a common question of fact or law common to all the defendants. *Id.*

Plaintiff's joinder of 42 John Doe Defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203*, No. Civ. A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).  For the reasons stated herein, and consistent with the decisions of other courts on similar matters as cited herein, the Court should use its discretion and enter an order severing and dismissing the action as to defendants Does 2-33.

    A.    PLAINTIFF HAS IMPROPERLY JOINED 29 INVIDIVDUAL DEFENDANTS BASED ON ENTIRELY SEPARATE AND INDEPENDENT ACTS

The gravamen of Plaintiff's Complaint is that all thirty (30) John Doe Defendants collaborated with each other to simultaneously use a BitTorrent computer program to either download or upload portions of the pornographic video. Essentially, Plaintiff alleges that all the John Doe Defendants "downloaded" the adult film and then "distributed" parts of that film. Yet there are no allegations that the John Doe Defendants acted in concert to infringe Plaintiff's alleged copyright or that they were part of the same "transaction, occurrence, or series occurrences" as required under Fed. R. Civ. P. 20(a)(2). Plaintiff's entire Complaint rests upon the premise that merely using BitTorrent to download the same file or portions of a file is sufficient to join different parties together as defendants in a single lawsuit.

However, courts across the country have routinely held that committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in the action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright

13

infringement); *BMG Music v. Does 1-203*, No. Civ. A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, In re Cases Filed by Recording Companies, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

In *Boy Racer; Inc. v. Does 1-60*, Case No. 3:11cv-01738, *2 (Illston, J.) (N.D. Cal. Aug 19, 2011) the court outlined the history of other cases finding that multiple defendants named in a single lawsuit were improper.

> *Laface Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008) (ordering the severance of claims against thirty-eight defendants where plaintiff alleged each defendant used the same ISPs as well as the same peer-to-peer network to commit the alleged copyright infringement, but there was no assertion that the multiple defendants acted in concert); *1nterscope Records* v. *Does* 1·25, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between defendants was allegation that they used same ISP and peer-to-peer network to conduct copyright infringement); *see also BMG Music v. Does,* 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (Patel, J.) (N.D. Cal. July 31, 2006) (finding improper joinder of four Doe defendants where the complaint alleged that each defendant used the same IS!' to engage in distinct acts of infringement on separate dates at separate times, and there was no allegation that defendants acted in concert); *Twentieth Century Fox Film Corp. v. Does* 1-12, No. C 04-

14

04862 WHA (N.D. Cal. Nov. 16, 2004) (Alsup, J.) (severing twelve Doe defendants in a copyright infringement case where although defendants used the same ISPs to allegedly infringe motion picture recordings, there was no allegation that the individuals acted in concert); *cf In the Matter of DIRECT TV, INC..* 2004 U.S. Dist. LEXIS 24263, No. 02-5912 (Ware, J.) (N.D. Cal. Jul. 26, 2004) (severing and dismissing hundreds of defendants in a case alleging that defendants purchased and used modified access cards and other pirate access devices to permit view of plaintiff's programming without authorization).

Other cases holding similarly include multiple West Virginia cases *(see, for example, Patrick Collins,* Case No. 3:10-cv-00091, *3; *Third World Media, LLC* v. *Does* 1-1,243, Case No. 3:IO-cv-00090, *3 (Bailey, J.) (N.D.W.V. Dec. 16, 2010); *Combat Zone, Inc. v. Does* 1-245, Case No. 3:10-cv-00096, *3 (Bailey, J.) (N.D.W.V. Dec. J6, 2010); and *Axel Braun Production* v. *Does 1-7,098,* Case No. 3:10-cv-001l2,*3 (Bailey, 1.) (N.D.W.V. Dec. 23,2010), all holding that "defendants' alleged use of some of the same ISPs and P21' networks to commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20"); *Lightspeed* v. *Does 1-1,000, 2011* U.S. Dist. LEXIS 35392 (N.D. Ill. March 31, 2011) (finding misjoinder in a multiple-defendant copyright case involving BitTorrent); multiple cases from Texas *(see, for example, Funimation Entertainment  v. Does 1-1337*, Case No. 3:1I-cv-00147-F, *3 (Furgeson, J.) (N.D. TX. Feb. 10,2011), holding that the plaintiff failed to allege any relationship among the defendants or any allegations that defendants acted in concert: "Plaintiff makes no allegation in this case that the claims against the joined defendants 'arise out of the same transaction, occurrence, or series of transactions or occurrences.' Instead, it seems that the copyright infringement claim against each Defendant is based on the individual acts of each Defendant").

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that may accurately describe the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and

locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See *BMG Music v. Does 1-203*, 2004 WL 953888, at *1. Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned downloading  cases work in this fashion. (i.e. Kazaa, eDonkey, Gnutella, and LimeWire have incorporated multisource/swarming downloads since 2002.[3]

Plaintiff claims all of the Defendants are properly joined because they illegally downloaded/shared the film via BitTorrent.  Attached as an exhibit to the initial Complaint Plaintiff provided the Court a listing of 30 Doe Defendants and their IP addresses. This list shows the IP addresses of the defendants and a specific "Hit date (UTC)," it was observed illegally downloading/sharing the film. For example, Doe #29 (IP address 74.199.69.178) in Warren, Michigan was the first instance of downloading/sharing by defendants identified by plaintiff's agents on  May 31, 2012, at 1:08 Coordinated Universal Time (UTC) and that Doe #2 (IP address 97.69.221.58) in Livonia, Michigan, was the last instance of downloading/sharing by defendants identified by plaintiff on July 5, 2012,  at 19:55 Coordinated Universal Time (UTC). Plaintiff asserts in paragraph 10 of the Complaint that the infringement "was part of a series of transactions" as if they were somehow factually related and that the infringement was allegedly accomplished by the Defendants "acting in concert with each other."

The John Doe/IP Address list shows the entire timeframe of the activity, but not which IP addresses acted in concert. The nature of BitTorrent does not support Plaintiff's claim that all John Doe IP addresses acted together for the entire period of approximately **35 days**, or at any point during that period. Due to the nature of BitTorrent, it is extremely unlikely that any of the

---

[3]gondwanaland.com/mlog/2004/12/30/deployment-matters/

30 IP addresses on Plaintiff's list did download/share the movie with the other Doe Defendants

on the list.   These IP addresses could have downloaded/shared the movie with IP addresses from

other States or locations World-Wide yet none of this information is included by Plaintiff.

The nature of BitTorrent is that the work in question is first made available to other

BitTorrent users World-Wide by a small number, usually one IP address. As other BitTorrent

users join and start to download/share the work, the swarm grows. Depending on how popular

the work is, the swarm can grow fast, or not at all. Eventually as the popularity of the shared

work drops, the swarm shrinks, and eventually disappears. IP addresses commonly join and leave

various BitTorrent swarms at all times during the life of the torrent. Plaintiff's agent at IPP

Limited, collected the data on John Doe IP addresses and can verify the nature of BitTorrent, as

well as provide details on who (if any) of the John Does IP addresses in this case truly shared the

work between the other John Does IP addresses in this case.  Plaintiff's filing, however, does not

provide a connection of showing that any of the listed John Doe IP addresses shared/downloaded

pieces of the file from any of the other John Doe IP addresses on the list.

In the January 2011 Technical Report: An Estimate of Infringing Use of the Internet, by

Envisional[4] (a major company specializing in detecting and guarding against the threats of

counterfeiting, piracy, fraud and online brand abuse), the following was noted for the single day

analysis of BitTorrent use:

> For the 2.72 Million torrents identified, only .2% had 100 or more downloaders.
> 2.6% of the torrents had 10-99 downloaders. 51.9% of the torrents had from one
> to nine downloaders. 45.2% had no active downloads. Envisional also noted that a
> similar spread of "seeders" (users with a complete copy of the work) were
> associated with the torrents. For 48.5% of the torrents, there were no seeders
> connected. (Page 9)

---

[4]http://documents.envisional.com/docs/Envisional-Internet_Usage-Jan2011.pdf

This report clearly shows the vast majority of torrents only had zero to nine downloaders associated with them and a very limited number of file seeders at any one instance.

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the portions of the work they allegedly downloaded came jointly from any of the other Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.  The 50 day time frame listed by Plaintiff also suggests the likely possibility that there was never common concurrent activity linking the 33 addresses in this matter . *See Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011); *K-Beech, Inc. v. John Does 1-41*, No. V-11-46, 2012 U.S. Dist. LEXIS 31803, *10 (S.D. Tex. March 8, 2012) ("While [plaintiff] provides the precise date, hour, minute and second at which it alleges that each Doe Defendant was observed to be sharing the torrent of the copyrighted work, [plaintiff] does not indicate how long each Doe Defendant was in the swarm or if any of the Doe Defendants were part of the swarm contemporaneously.") In *Hard Drive Productions*, the court held that

> [E]ven if the IP addresses at issue in this motion all came from a single swarm, there is no evidence to suggest that each of the addresses "acted in concert" with all of the others. In fact, the nearly six-week span covering the activity associated with each of the addresses calls into question whether there was ever common activity linking the 51 addresses in this case.

809 F. Supp. 2d at 1163; *see also*, *Patrick Collins, Inc. v. John Does 1-58*, No. 3:11cv-531- JAG, 2011 U.S. Dist. LEXIS 120235, *5-6 (E.D. Va. Oct. 5, 2011); *Boy Racer, Inc. v. Does 1-98*, No. C-11-02536-JCS, 2011 U.S. Dist. LEXIS 11930, *2 (N.D. Cal. Oct. 14, 2011).

The absence of any allegations that a particular user downloaded a piece of the Work from, or uploaded a piece of the Work to, another user in the swarm highlights the absence of any reason to conclude that the Doe defendants were engaged in the same transaction or series of transactions. See *Patrick Collins, Inc. v. John Does 1-54*, 2012 U.S. Dist. LEXIS 36232, *14 (D. Ariz. March 19, 2012) ("[A]bsent allegations that any particular user copied a piece of the file from or to any other particular user, one could not conclude that the users 'were engaged in the single transaction or series of closely-related transactions recognized under Rule 20.'"). In short, the connection plausibly alleged among defendants named in this case is nothing more than alleged in the prior P2P file sharing cases, where numerous courts, as cited herein, have found that joinder was improper. In another virtually identical case, the United States District Court for the District of Massachusetts (Civil Action 1:12-cv-10761) (attached hereto as exhibit 4).  In that case, Judge Young dismissed the claims against without prejudice as to all of the remaining Doe Defendants (except as to the initial Doe Defendant) Similarly, in *Patrick Collins v Does 1-45*, (Civil Action 12-cv-3507 (BSJ) (MHD)(attached hereto as exhibit 5) Judge Jones ruled that Doe defendants 2-45 were severed from the action.

  B.    IN THE ALTERNATIVE, THE COURT SHOULD ENTER A PROTECTIVE
        ORDER ALLOWING DOE 24 TO PROCEED ANONYMOUSLY

"Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, a district court has authority to issue a protective order, based upon good cause, to protect parties from 'annoyance, embarrassment, oppression, or undue burden or expense[.]'" *Digital Sin, Inc. v. Does 1-27*, 2012 WL 2036035, *4 (S.D.N.Y. 2012). 47 U.S.C. § 551 is also established to protect the privacy of individual subscribers. Here, because of: (1) the high risk of false positives, (2) Plaintiff's strong arm settlement practices, and (3) the nature of the copyrighted work in this case, a protective order is necessary to protect the identity of  Doe 21. *See Digital Sin, Inc. v. Does 1- 27*, 2012 WL

2036035 at *4. Accordingly, if the Court does not sever and dismiss Plaintiff's claim against Doe 24 and denies the motion to quash, then Doe 24 respectfully requests that the Court issue a protective Order that precludes Plaintiff from amending its Complaint to identify  Doe 24 by name unless and until discovery is conducted by the Plaintiff that provides evidence supporting the Plaintiff's allegation that  Doe 24 infringed upon the Plaintiff's copyright. JOHN DOE 24 further request that the protective order bar Plaintiff from using any information ultimately disclosed to plaintiff in response to a Rule 45 subpoena for any purpose other than protecting Plaintiff's rights as set forth in its complaint.

V.    CONCLUSION

The improper joining of thirty Doe Defendants into this one lawsuit raises serious questions of individual fairness and individual justice. Many of the Courts that previously heard these types of mass copyright infringement cases have correctly named this activity as a "Fishing Expedition" for subscriber information. There is a well-documented history of these types of cases in the Federal Courts. JOHN DOE 24 respectfully moves and requests the Court quash the subpoena requiring the ISP to provide the subscriber information on John Doe Defendants 2-30. In addition, John Doe respectfully moves the Court and requests the Court sever Doe defendants 2-30 from this case, as there is no evidence to show that ALL the Doe Defendants acted together and were thus incorrectly joined in violation of Fed. R. Civ. P. 21.

Dated: December 1,  2012                          s/ John T. Hermann
                                                  _____
                                                  JOHN T. HERMANN (P-52858)
                                                  Counsel for Defendant John Doe 24
                                                  2684 West Eleven Mile
                                                  Berkley, MI 48072
                                                  (248) 591-9291

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court

with the ECF system, which will send notification of each filing to the following:

Paul J. Nicoletti, Esq.

Dated: December 1,  2012                    s/ John T. Hermann
                                            JOHN T. HERMANN (P-52858)
                                            Counsel for John Doe 24
                                            2684 West Eleven Mile
                                            Berkley, MI 48072
                                            (248) 591-9291