UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MALIBU MEDIA, LLC**,
    a California limited liability company,
        Plaintiff,
  vs.

**JOHN DOES 1-30**,
        Defendants.

Civil Action No. 2:12-cv-13312

District Judge Denise Page Hood
Magistrate Judge Michael Hluchaniuk

| Nicoletti & Associates, PLLC<br>Paul J. Nicoletti, Esq. (P44419)<br>36880 Woodward Ave, Suite 100<br>Bloomfield Hills, MI 48304<br>Tel: (248) 203-7800 Fax: (248) 203-7801<br>Email: paul@nicoletti-associates.com<br><br>*Attorney for Plaintiff* | Morgan E. Pietz (CA 260629)<br>THE PIETZ LAW FIRM<br>3770 Highland Ave., Ste. 206<br>Manhattan Beach, CA 90266<br>Tel: (310) 424-5557 Fax: (310) 546-5301<br>mpietz@pietzlawfirm.com<br><br>*Attorney for Putative Defendant John Doe X*<br><br>EPIC Law PLLC<br>Hattem A. Beydoun (P66071)<br>PO BOX 32598<br>Detroit, Michigan 48232<br>Tel: (888) 715-8033 Fax: (313) 254-4923<br>Email: hbeydoun@epiclg.com<br><br>*Attorney for Putative Defendant John Doe 10*<br><br>*Local Counsel for Putative Defendant John Doe X* |

**PUTATIVE DEFENDANT JOHN DOE X & JOHN DOE 10'S JOINT OBJECTIONS TO MAY 16, 2013 REPORT AND RECOMMENDATION ON MOTIONS TO SEVER DEFENDANTS (Dkt 61)**

**MAY 16, 2013 ORDER DENYING MOTIONS TO QUASH PLAINTIFF'S SUBPOENA (Dkt 62) &**

**REQUEST FOR INTERLOCUTORY APPEAL**

    In accordance with 28 U.S.C. § 636(b), Fed. R. Civ. P. 72 and L.R. 72.1(d), John Doe X, by its attorneys Morgan E. Pietz and Hattem A. Beydoun, and John Doe 10, by its attorney Hattem

A. Beydoun, (together, "Does"), hereby respectfully submit the following specific objections to the May 16, 2013 Report and Recommendation Order Denying Doe's Motion To Sever (Dkt 61), the May 16, 2013 Order Denying Motions to Quash Plaintiff's Subpoena (Dkt 62).

Furthermore, in accordance with 28 USC § 1292, in the alternative, if the objections are not sustained and the motion to sever granted, then Does respectfully request that the issue of the propriety of swarm joinder be certified for interlocutory appeal to the Court of Appeals.

## I. INTRODUCTION AND SUMMARY

Generally, the Does respectfully disagree with the result and hereby object to the Magistrate Judge's report and recommendation (ECF No. 61) recommending the denial of the motions to sever the defendants (ECF Nos. 19, 33).[1]  If the District Judge will not reconsider this Court's prior endorsement of the so-called "swarm joinder" theory in *Patrick Collins, Inc. v. John Does 1-21*, E.D. Mi. Case No. 11-cv-15232-DPH-MJR ("Patrick Collins") (ECF Nos. 13, 26), then, in the alternative, the Does respectfully request that the District Judge certify the issue of swarm joinder for interlocutory appeal to the Court of Appeals, since a split has now developed in this District[2] on this issue.  *See AF Holdings LLC v. Does 1-1,058,* D.D.C. Case No. 12-cv-0048 Dkt. 46, 8/6/12 (Howell, J.) (denying ISPs arguments on severance but granting alternative request that the issue be certified for interlocutory appeal, in view of split between Judges within district on swarm joinder) (*petition for permission to appeal granted sub nom. In re: Cox Comm'n., Inc. et

---

[1] Since severance is a dispositive issue, the objections to the Magistrate Judge's recommendation on the the motions to sever are made pursuant to Fed. R. Civ. Proc. 72(b), and the objections on that issue should be considered de novo by the District Judge.  See Fed. R. Civ. Proc. 72(c). However, the motions to quash are discovery matters properly decided by the Magistrate Judge in the first instance, so the objections on the motions to quash are therefore made pursuant to Fed. R. Civ. Proc. 72(a).

[2] *Compare, e.g., Patrick Collins, Inc. v. John Does 1-21*, E.D. Mi. Case No. 11-cv-15232-DPH-MJR (Report and Recommendation of Randon, M.J., at ECF No. 13, 4/5/12) (adopted by Hood, J., at ECF No. 26, 9/28/12) with *Patrick Collins, Inc. v. John Does 1-23*, E.D. Mi. Case No. 11-cv-15231-GCS-RSW, ECF No. 8, 3/26/12 (Steeh, J.) (granting motion to quash in part and severing Does 2-23); Patrick Collins Inc. v. John Does 1-21, E.D. Mi. Case No. 12-cv-12596-AJT-RSW, ECF No. 8, 8/28/12 (Tarnow, J.) (order severing and dismissing all Does other than Doe No. 1 at the early discovery stage).

*al.*, D.C. Cir. Case No. 12-8011 (December 7, 2012).[3]  The Does also object to the denials of the motions to quash.

The Does would respectfully refer the Court to the brief on severance filed at ECF No. 33, which addresses all of the issues highlighted herein in much greater detail.

## II.  SPECIFIC OBJECTIONS

**(a)  Objections to Recommendation on Motion to Sever**

**Objection No. 1**     Does object to the Court's conclusion that the claims as alleged here "arise from a 'series of transactions or occurrences,' having a 'logical relationship.'"  ECF No. 61 at 9–10.  The recommendation does not address or refute Does' argument that the logical relationship is not satisfied because the connection between the Does is fundamentally *indefinite*.  *See* ECF No. 33 at 17-19.  In addition, Does note that the recommendation does not address their argument that that cases allowing swarm joinder break from prior precedent where swarm joinder was routinely denied based in part on an erroneous factual assumption that BitTorrent is somehow fundamentally different from prior P2P protocols.  *Id.* at 13-16.  Finally, the Does reiterate their argument that the temporal gap at issue is too attenuated to support swarm joinder.  *Id.* at 19-20.

**Objection No. 2**     Does object to the Court's conclusion that discretionary severance is not warranted.  ECF No. 61 at 14-15.  Does would respectfully submit that this Court should side with Judge Whittemore and Grand, among others, in finding that even if swarm joinder meets the test of Rule 20, severance is still warranted in cases *like this one* as a matter of the Court's discretion.  First, the case management issues are not "speculative".  Does respectfully refer the Court to the docket selections filed at ECF No. 39 – this appendix was prepared to aid the Court in reviewing its own docket, to see the clear pattern that emerges in these cases.

---

[3] Unfortunately, the D.C. AF Holdings case, which figured to be the first appellate case to address to the issue of swarm joinder, may not survive through to an appellate opinion.  The lawyers who filed that case have recently been sanctioned and referred to the U.S. Attorneys Office, the IRS C.I.D., and to various state bars, for filing similar cases based on forged copyright assignment documents.  *See Ingenuity 13, LLC v. John Doe*, C.D. Cal. No. 12-cv-8333-ODW (ECF No. 130).  An unfortunate byproduct of Prenda's implosion may be a delay in appellate review of the "swarm joinder" issue.  In any event, since this may prove to be an issue that divides Circuits, as it has divided individual District Courts, Does respectfully suggest that Sixth Circuit review is appropriate.

**Objection No. 3**     Does object to the Court's conclusion that there is not "any evidence of inappropriate litigation practices by plaintiff in this case warranting severance." ECF No. 61 at 15.  One reason that there is now a split between the District Judges of this District on the topic of swarm joinder is that Malibu Media systematically ignores Courts' related case rules, in the hopes that at least some Judges will allow the multiple-Doe cases to proceed.  *See* ECF No. 33-2 at ¶ 6.  Aside from the obvious waste of judicial resources, having multiple Judges of this District consider essentially identical, cookie cutter complaints (not to mention the slew of Doe motions to quash and sever), one effect of Malibu Media's callous related case strategy is inconsistent results on the same legal issue.  The nature of this kind of lawsuit is, by itself, abusive; these kinds of cases turn Internet users with meritorious defenses into immediate losers, by virtue of the salacious content at issue, as well as the high costs of defending oneself in federal court.

**(b)     Objections to Order on Motions to Quash**

**Objection No. 4**     The order denying the motions to quash (ECF No. 62) is clearly erroneous and/or contrary to the law because it does not apply any of the controlling law cited in the motions to quash (*see, e.g.,* ECF No. 9 at 7-13.  There is more to the motion to quash than the mere argument that the subpoenas should be quashed because the Does should be severed (although that is also true).

**Objection No. 5**     Does believe the Court erred by not requiring plaintiff to explain just what exactly it plans to do with subpoena return information, prior to being given they keys to civil discovery, given that the subpoena will not necessarily identify the defendant, only the person who pays the Internet bill. . *See AF Holdings, LLC v. John Doe*, C.D. Cal. Case No. 2:12-cv-5712-ODW-(JCx) ECF No. 9, 10/19/12 (order vacating subpoenas in 45 *single-Doe* cases requiring plaintiff to explain before applying for new subpoenas "how it would proceed to uncover the identity of the actual infringer once it has obtained subscriber information—given that the actual infringer may be a person entirely unrelated to the subscriber—while also considering how to minimize harassment and embarrassment of innocent citizens."); *Ingenuity 13, LLC v. John Doe*, C.D. Cal. No. 12-cv-8333-ODW, ECF No. 28, 12/20/12 (same); *Malibu Media v. John Does 1-10*, C.D. Cal. No. 12-cv-1642, ECF No. 32, 10/10/12 (slip op.) (denying early discovery *even as to*

*John Doe No. 1* after Malibu Media made two motions for early discovery where it failed to explain how it would move beyond the subpoena to identify the actual infringer)

## III.  ALTERNATIVE RELIEF REQUESTED: CERTIFICATION OF INTERLOCUTORY APPEAL OF SWARM JOINDER TO SIXTH CIRCUIT

Simply, there is no binding Court of Appeals precedent on this Circuit mandating that this Court find one way or another on swarm joinder.  Judges across the country, and even within this District, have disagreed on the propriety of swarm joinder, often on *identical* facts and in cases involving *identical* allegations in the complaint.  Accordingly, if this Court does not sustain the objections above, this is precisely the kind of issue that it would make sense to send up to the Court of Appeals for interlocutory resolution, so as to promote consistency within the Circuit.  An appellate decision on swarm joinder would be the kind of "controlling question of law as to which there is substantial ground for difference of opinion" where an "an immediate appeal from the order may materially advance the ultimate termination of" not just this litigation, but many similarly-situated cases throughout the Circuit.  *See* 28 U.S.C. § 1292(b).


Respectfully Submitted,

DATED May 30, 2013


/s/ Morgan Pietz                                                          /s/ Hattem Beydoun
Morgan E. Pietz (CA 260629)*                              Hattem A. Beydoun (P66071)
THE PIETZ LAW FIRM                                          EPIC Law PLLC
3770 Highland Ave., Ste. 206                               PO BOX 32598
Manhattan Beach, CA 90266                               Detroit, Michigan 48232
Tel: (310) 424-5557 Fax: (310) 546-5301         Tel: (888) 715-8033 Fax: (313) 254-4923
Email: mpietz@pietzlawfirm.com                       Email: hbeydoun@epiclg.com

*Attorney for Putative Defendant John Doe X*     *Attorney for Putative Defendant John Doe 10 and X*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of the Court using ECF, which will send notification of such filing to all attorneys of record.

|  |  |
|---|---|
|  | /s/ Morgan E. Pietz |
| Dated: May 30, 2013 | Morgan E. Pietz |